[Cite as *State v. Bergk*, 2022-Ohio-578.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021 CA 16 |
| DOROTHY F. BERGK | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2020 CR 16 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 28, 2022 |


APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
PROSECUTING ATTORNEY
BRIAN T. WALTZ
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

THOMAS R. ELWING
60 West Columbus Street
Pickerington, Ohio 43147

*Wise, J.*

{¶1}   Appellant Dorothy Bergk appeals the judgment of the Fairfield County Court of Common Pleas after entering a plea of no contest to one count of Aggravated Possession of Drugs and one count of Illegal Use or Possession of Drug Paraphernalia. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On January 9, 2020, the Fairfield County Grand Jury indicted Appellant on one count of Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(a), and one count of Illegal Use or Possession of Drug Paraphernalia, a fourth-degree misdemeanor in violation of R.C.2925.14(C)(1) and R.C. 2925.14(F)(1).

{¶3}   On June 15, 2020, Appellant filed a Motion to Suppress evidence obtained during an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution.

{¶4}   On September 3, 2020, the trial court held a hearing on Appellant's Motion to Suppress.

{¶5}   At the hearing, Officer Marlo Morehouse testified, while on duty, he observed a parked vehicle Appellant was known to drive. The vehicle's owner, Michael Newman, had been arrested.

{¶6}   On November 5, 2019, Officer Morehouse observed Appellant driving with a faulty license plate light, drift to the center of the road, and stop at a stop sign with both tires past the stop bar. Officer Morehouse then initiated a traffic stop.

**{¶7}** During the traffic stop, Officer Morehouse asks Appellant for her driver's license and proof of insurance. Appellant advised the officer her license had been stolen. Appellant provided her social security number in lieu of a license. Appellant did not locate a proof of insurance card.

**{¶8}** At nearly four minutes into the traffic stop, dispatch confirmed Appellant had a valid driver's license and no outstanding warrants. Officer McCarthy then arrived on scene and held a brief conversation with Officer Morehouse.

**{¶9}** Appellant then called out to Officer Morehouse. As Morehouse approached, Appellant initiated a conversation about Newman's arrest. They discussed whether Appellant had consent to be driving Newman's vehicle. Officerw Morehouse then asked if there was anything illegal in the vehicle. Appellant indicated she did not know of anything illegal. Morehouse then asked for permission to search the vehicle. Appellant gave consent to Officer Morehouse to search the vehicle.

**{¶10}** During a search of the vehicle, Officer Morehouse discovered drug paraphernalia and methamphetamine. The Officers *Mirandized* Appellant but did not take her into custody or issue her a traffic citation.

## ASSIGNMENTS OF ERROR

**{¶11}** On April 30, 2021, Appellant filed a notice of appeal and herein raises the following two assignments of error.

**{¶12}** "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE OFFICER MOREHOUSE'S DECISION TO IGNORE OBSERVED TRAFFIC VIOLATIONS AND TO PROCEED, INSTEAD, WITH A NARCOTICS INVESTIGATION, PROLONGED APPELLANT'S DETENTION AND

FAILED TO EMPLOY THE LEASE (SIC) INTRUSIVE MEANS TO CONCLUDE THE TRAFFIC STOP, SUCH THAT, AT THE TIME APPELLANT'S VEHICLE WAS SEARCHED, HER CONTINUED DETENTION WAS UNREASONABLE UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶13}** "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE WARRANTLESS SEARCH OF APPELLANT'S VEHICLE WAS NOT AUTHORIZED BY VALID CONSENT OR, ALTERNATIVELY, WAS VOID PURSUANT TO AN UNLAWFUL SEIZURE, AND WAS THEREFORE UNREASONABLE UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION."

### a. Standard of Review

**{¶14}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

**{¶15}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661

N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds, State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

{¶16} Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist. 1994).

{¶17} "The voluntariness of a consent search is a question of fact and will not be reversed on appeal unless clearly erroneous." *State v. Bickel*, 5th Dist. Ashland No. 2006-COA-034, 2007-Ohio-3517, ¶24.

**I., II.**

{¶18}  Appellant argues the trial court erred finding Appellant was held during a traffic stop for an unreasonable amount of time which nullified Appellant's consent to search the vehicle. We disagree.

{¶19}  An officer may ask the driver about matters unrelated to the traffic stop itself, so long as those questions do not measurably extend the stop. *State v. Johns*, 5th Dist. Licking No. 19-CA-5, 2019-Ohio-4269, 146 N.E.3d 1286, ¶16, citing *Rodriguez v. United States*, 575 U.S. 348, 354, 135 S.Ct. 1609, 1615, 191 L.Ed.2d 492. "[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual; ask to examine the individual's identification; and request consent to search his or her luggage." *Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed. 2d 299 (2005), citing *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).

{¶20}  In *State v. Robinette*, 80 Ohio St.3d 234, 685 N.E.2d 762, 1997-Ohio-343, the Ohio Supreme Court held:

> When a police officer's objective *justification* to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.

{¶21}  In *State v. Chaney*, 2nd Dist. Montgomery No. 26568, 2015-Ohio-5011, 53 N.E.3d 800, the Second District Court of Appeals held a police officer's request to search

a defendant made within the period of time reasonably necessary to process a traffic violation is consensual.

**{¶22}** In the case *sub judice*, Appellant was pulled over for traffic violations. During the initial contact, Appellant could not provide her driver's license or proof of insurance. After Officer Morehouse confirmed validity of Appellant's driver's license, but before Appellant had furnished any information regarding proof of insurance, Officer Morehouse asked Appellant if Appellant had anything illegal in the vehicle. Appellant denied knowing of anything illegal in the vehicle. Officer Morehouse then immediately asked for Appellant's consent to search the vehicle. Appellant promptly provided Officer Morehouse with consent.

**{¶23}** Appellant argues that once Morehouse asked to search the vehicle, the officer abandoned the pretext of the stop. However, nothing in the record supports Appellant's argument. In fact, the record shows Officer Morehouse was still waiting for Appellant to provide proof of insurance when Appellant granted consent for a search of the vehicle.

**{¶24}** As nothing in the record suggests Officer Morehouse unduly delayed or extended the duration of the traffic stop, no violation of Appellant's Fourth Amendment rights has been demonstrated.

**{¶25}**  Appellant's First and Second Assignments of Error are overruled.

**{¶26}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/br 0223